| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>----------------------------------------------------------x<br>LOCAL 456, INTERNATIONAL BROTHERHOOD<br>OF TEAMSTERS,<br>                         Plaintiff,<br>        —against—<br>ALL ROCK CRUSHING, INC.,<br>                         Defendant.<br>----------------------------------------------------------x | <br>08 CIV. 1894<br>ECF CASE<br>Case No. _____<br>JUDGE ROBINSON<br>COMPLAINT |

      Plaintiff, LOCAL 456, INTERNATIONAL BROTHERHOOD OF TEAMSTERS, by its attorneys, Barnes, Iaccarino, Virginia, Ambinder & Shepherd, PLLC, complaining of the defendant, All Rock Crushing, Inc., respectfully alleges as follows:

### JURISDICTION AND VENUE

      1.    This action is based on the provisions of Section 301 of the Labor Management Relations Act ("L.M.R.A."), 29 U.S.C. § 185.

      2.    This Court's jurisdiction is based on 29 U.S.C. § 185(a).

      3.    Venue lies in this District under the provisions of 29 U.S.C. § 185(a).

      4.    This action is brought by the Union for breach of contract to secure performance by an Employer of the obligation to abide by and comply with a certain arbitration award and to enforce the said award.

### PARTIES

      5.    Plaintiff, Local 456, International Brotherhood of Teamsters (the "Union" or "Local 888"), is a labor organization representing employees in an industry affecting commerce within the meaning of the Labor Management Relations Act ("LMRA") §§ 2, 301; 29 U.S.C. §§ 152, 185.

1

6.  The Union's principal office is located at 160 South Central Avenue, Elmsford, New York, County of Westchester.

7.  The defendant All Rock Crushing, Inc. ("All Rock") is upon information and belief a corporation duly organized and existing under the laws of New York State with its principal office and place of business located at 465 Yorktown Road, Croton-on-Hudson, New York, County of Westchester.

## AS AND FOR A FIRST CLAIM FOR RELIEF

8.  Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 7 of this Complaint as if fully set forth herein.

9.  The Union and All Rock are parties to a certain collective bargaining agreement ("CBA") for the period June 1, 2005 through May 31, 2008 covering certain of its employees.

10. Pursuant to Article XXXI of the CBA, grievances or disputes involving any controversy, dispute or misunderstanding as to the meaning, application or observance of any provision of the CBA may be submitted to arbitration, and the arbitrator's decision shall be final and binding.

11. A dispute arose concerning the failure and refusal to utilize the referral hall and pay the contractual wages and benefits (the "Grievance").

12. The Union submitted the Grievance to the American Arbitration Association by serving a Notice of Intention to Arbitrate dated December 19, 2006 and by letter to the American Arbitration Association dated December 21, 2006.

13. A hearing was duly held by Arbitrator Susan J. Panepento on August 3 and November 29, 2007 at the offices of the said American Arbitration Association on the above issues and on the issue of the layoff of Jeffrey Beck.

14. The Award of Arbitrator Panepento was issued on January 8, 2008 and delivered to counsel for All Rock and the Union on or about January 15, 2008.

15. The said Award provided that the Employer (All Rock) shall make whole Beck for what he would have earned since his layoff had the Employer complied with the terms of the Agreement (CBA), and further, that All Rock shall cease and desist from its failure to recognize the Union, to pay contractual wages and benefits, to use the Union's referral service, and to employ Union members to perform work covered by the CBA.

16. All Rock has failed and refused to comply with the Award.

WHEREFORE, the Plaintiff prays that this Court enter an Order and Judgment confirming and enforcing the said Award; granting judgment for Beck's back pay and benefits as provided by the said Award; enjoining All Rock to comply with each and every provision of the said Award; awarding plaintiff Union reasonable attorney fees and the costs and disbursements of this action; and granting plaintiff such other, further or different relief as the Court may deem just, proper or equitable.

Dated: Elmsford, New York
February 12, 2008

BARNES, IACCARINO, VIRGINIA,
AMBINDER & SHEPHERD, P.L.L.C.
Attorneys for Defendants

by: _____
Steven H. Kern (SK-8600)
258 Saw Mill River Road
Elmsford, NY 10523
(914) 592-5740

F:\LEGAL\456\All Rock Crushing\Enforce\Complaint.doc

3