| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>------------------------------------------------------------------------x<br>LOCAL 456, INTERNATIONAL BROTHERHOOD<br>OF TEAMSTERS,<br><br>                                  Plaintiff,<br><br>                 —against—<br><br>ALL ROCK CRUSHING, INC.,<br><br>                                Defendant.<br>------------------------------------------------------------------------x | *ECF CASE*<br><br><br><br>Case No. 08–Civ.–1894(SCR) |

### PLAINTIFF'S MEMORANDUM OF LAW
### IN OPPOSITION TO
### <u>MOTION TO VACATE THE ARBITRATION AWARD</u>

                                                         BARNES, IACCARINO, VIRGINIA,
                                                         AMBINDER & SHEPHERD, PLLC
                                                         Attorneys for Plaintiff
                                                         258 Saw Mill River Road
                                                         Elmsford, NY 10523
                                                         (914) 592-5740

TABLE OF CONTENTS

TABLE OF CASES ................................................................................................................ ii

Preliminary Statement ............................................................................................................... 1

Facts ........................................................................................................................................... 1

Argument ................................................................................................................................... 3

    I.      THE ARBITRATOR'S AWARD SHOULD BE CONFIRMED AS IT IS FINAL AND BINDING AND SUBJECT TO EXTREMELY LIMITED JUDICIAL REVIEW ................................................................................................ 3

    II.     THE REMEDY PORTIONS OF THE AWARD ARE FINAL, SIMPLE AND EASILY ENFORCEABLE AS ORDERS OF THE COURT AND A MONEY JUDGMENT ............................................................................................... 4

          A.      IMPERATIVE PROVISIONS OF THE AWARD ARE FINAL, DEFINITE AND ENFORCEABLE BY THE COURT ............................. 5

          B.      MONEY DAMAGES AWARDED TO GRIEVANT BECK ARE SUFFICIENTLY DEFINITE TO BE ENFORCED BY THIS COURT .................................................................................................. 6

    III.    THE ARBITRATOR DID NOT EXCEED THE SCOPE OF HER POWERS ................................................................................................................... 7

    IV.    THE AWARD DOES NOT MANIFESTLY DISREGARD THE LAW ................ 8

Conclusion ............................................................................................................................... 11

## TABLE OF CASES

*Advance Publications v. Newspaper Guild of New York, Local 3,*
616 F. 2d 614 (2d Cir. 1980)......................................................................................3, 4

*Andros Compania Maritima v. Marc Rich & Co.,* 579 F. 2d 691 (2nd Cir. 1978).........3, 4, 6

*Avco Corp. v. Aero Lodge,* 390 U.S. 557 (1968) ........................................................3

*Bell Aerospace v. Local 516,* 500 F. 2d 921 (2nd Cir 1974).............................................5

*Bermuda Container Line v. I.L.A.,* 192 F. 3d 250 (2nd Cir. 1999) ..................................10

*Eisenmann Corp. v. Sheet Metal Workers Local 24,* 323 F. 3d 375 (6th Cir. 2003) .......10

*Fischer v. CGA Computer Associates,* 612 F. Supp, 1038 (S.D.N.Y. 1985 ....................6

*International Association of Machinists v. Texas Steel Co.,* 538 F. 2d 1116 (5th Cir. 1976)..............3

*Local 174 Teamsters v. Lucas Flour,* 369 U.S. 95 (1962)...............................................3

*Local 338 RWDSU v. Farmland Dairies,* 89 Fed. Appx. 748,
2003 U.S. App. LEXIS 24435 (2nd Cir. 2003)............................................................5, 6

*Local 338, RWDSU v. Farmland Dairies,* 2003 U.S. Dist. LEXIS 3676,
172 LRRM 2647 (S.D.N.Y. 2003)..................................................................................5

*National Woodwork Manuf's Assoc. v. NLRB,* 386 US 612 (1967) .........................9, 11

*Newspaper & Mail Deliverers Union,* 298 NLRB 564 (1990).................................9, 10

*NYP Holdings v. Newspaper & Mail Delivers' Union,*
492 F. Supp. 2d 338 (S.D.N.Y. 2007)...........................................................................5, 6

*Steelworkers v. American Manufacturing Co.,* 363 U.S. 564 (1960) ..................................3

*Steelworkers v. Enterprise Wheel & Car,* 363 U.S. 593, 596-599 ..................................3, 4

*Textile Workers v. Lincoln Mills,* 353 U.S. 448, 456-57 (1957).........................................3

*United Paperworkers v. Misco, Inc.,* 484 U.S. 29 (1987)..............................................3, 8, 10

UNITED STATES DISTRICT COURT　　　　　　　　　　　　　　　　　　　*ECF CASE*
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
LOCAL 456, INTERNATIONAL BROTHERHOOD　　:
OF TEAMSTERS,　　　　　　　　　　　　　　　　　:　Case No. 08–Civ.–1894(SCR)
　　　　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　Plaintiff,　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　　　:
　　　　—against—　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　　　:
ALL ROCK CRUSHING, INC.,　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　Defendant.　　　　　　:
------------------------------------------------------------------------x

**PLAINTIFF'S MEMORANDUM OF LAW
IN OPPOSITION TO
<u>MOTION TO VACATE THE ARBITRATION AWARD</u>**

Preliminary Statement

Plaintiff Local 456, International Brotherhood of Teamsters ("the Union") brings this action to confirm and enforce the arbitration award issued by Arbitrator Susan Panepento on January 8, 2008 ("the Award") resulting from a grievance and arbitration proceeding between the Union and defendant All Rock Crushing, Inc. ("All Rock"). All Rock has moved to vacate the Award on three grounds: (i) a mutual, final and definite award was not made due to the lack of a sum certain damages award; (ii) the arbitrator exceeded the scope of her powers; and (iii) the Award manifestly disregards the law. The Union contests all three grounds asserted by All Rock and contends that the Award should be enforced and judgment granted thereon.

Facts

The Union is a labor organization representing employees in an industry affecting commerce within the meaning of the Labor Management Relations Act ("LMRA") §§ 2, 301; 29 U.S.C. §§ 152, 185. Its principal office is located at 160 South Central Avenue, Elmsford, New

1

York, County of Westchester. The defendant All Rock Crushing, Inc. ("All Rock") is a New York corporation located in the County of Westchester. [Kern Decl. ¶¶ 2,3]

The Union and All Rock are parties to a certain collective bargaining agreement ("CBA") for the period June 1, 2005 through May 31, 2008 covering certain of its employees. Pursuant to Article XXXI of the CBA, grievances or disputes involving any controversy, dispute or misunderstanding as to the meaning, application or observance of any provision of the CBA may be submitted to arbitration, and the arbitrator's decision shall be final and binding. [Kern Decl. ¶¶ 4, 5]

A dispute arose concerning the failure and refusal to utilize the referral hall and pay the contractual wages and benefits (the "Grievance"). The Union submitted the Grievance to the American Arbitration Association. A hearing was duly held by Arbitrator Susan J. Panepento on August 3 and November 29, 2007 at the offices of the said American Arbitration Association on the above issues and on the issue of the layoff of grievant Jeffrey Beck. Both the Union and All Rock participated in the arbitration. The Award of Arbitrator Panepento was issued on January 8, 2008 ("the Award") and delivered to counsel for All Rock and the Union on or about January 15, 2008. [Kern Decl. ¶¶ 6-9]

The Arbitrator found that All Rock "violated the Agreement (the CBA) when it failed to employ Beck or another driver referred by the Union to perform work covered by the Agreement." [Exhibit D, page 18]  The Award provided that the Employer (All Rock) shall make whole Beck for what he would have earned since his layoff had the Employer complied with the terms of the Agreement (CBA), and further, that All Rock shall cease and desist from its failure to recognize the Union, to pay contractual wages and benefits, to use the Union's referral service, and to employ Union members to perform work covered by the CBA.  [Kern Decl. ¶ 10]

All Rock has failed and refused to comply with the Award, and has continued to violate the CBA in the manner found by the Award: failure to employ Beck or another driver referred by the Union to perform work covered by the CBA. All Rock has to date not offered to reinstate Beck to his employment, nor has it made him whole for his lost wages that he would have earned since his layoff less interim earnings, as awarded. [Kern Decl. ¶¶ 11, 12]

Argument[1]

## I. THE ARBITRATOR'S AWARD SHOULD BE CONFIRMED AS IT IS FINAL AND BINDING AND SUBJECT TO EXTREMELY LIMITED JUDICIAL REVIEW

The scope of judicial review of an arbitrator's award is extremely limited. Federal labor policy promotes the resolution of labor disputes through the arbitral process, and therefore the courts may not review the merits of an arbitration award. *Steelworkers v. American Manufacturing Co.*, 363 U.S. 564, 567-568 (1960); *Steelworkers v. Enterprise Wheel & Car*, 363 U.S. 593, 596-599; *United Paperworkers v. Misco, Inc.*, 484 U.S. 29 (1987); *Advance Publications v. Newspaper Guild of New York, Local 3*, 616 F. 2d 614 (2d Cir. 1980). "The federal policy of settling disputes by arbitration would be undermined if courts had the final say on the merits of awards." *Enterprise Wheel*, 363 U.S. at 596. Neither shall the courts "review… the factual and legal accuracy of the arbiter's findings." *International Association of Machinists v. Texas Steel Co.*, 538 F. 2d 1116, 1121 (5th Cir. 1976). Instead the court is limited to determining whether the award draws its "essence from the collective bargaining agreement." "This essence standard is to be interpreted expansively so as to uphold the award, rather than restrictively." *Id.* at 1121.

A great deal of discretion is given to the arbitrator and his decision. An arbitrator does not have to explain his decision. If he does and he does so "...in terms that offer even a barely colorable

---

[1] Reliance of All Rock on state cases and the Civil Practice Law and Rules is misplaced. It is well-settled that federal law governs suits such as this one. *Textile Workers v. Lincoln Mills,* 353 U.S. 448, 456-57 (1957). "An action arising under § 301 is controlled by federal substantive law even though it is brought in a state court." *Avco Corp. v. Aero Lodge,* 390 U.S. 557, 560 (1968)(citing *Local 174 Teamsters v. Lucas Flour,* 369 U.S. 95 (1962).

3

justification for the outcome reached, confirmation of the award cannot be prevented by litigants who merely argue, however persuasively, for a different result." *Andros Compania Maritima v. Marc Rich & Co.*, 579 F. 2d 691, 704 (2nd Cir. 1978).

The parties contracted in their CBA for the arbitrator's judgment, and the courts should not reject the arbitrator's judgment because they or one of the parties disagree with the arbitrator's interpretation. As the Supreme Court has stated, "It is the arbitrator's construction which was bargained for; and so far as the arbitrator's decision concerns construction of the contract, the courts have no business overruling him because their interpretation is different from his." *Steelworkers v. Enterprise Wheel & Car*, 363 U.S. at 599. In furtherance of this doctrine, the Second Circuit has stated:

> "[T]he parties to a contract containing a broad arbitration clause...have agreed to accept the judgment of an arbitrator, not that of a judge. By doing so, each party also accepts the risk that the arbitrator's interpretation of the contract will disagree with its own and may, in fact, be wrong."

*Advance Publications v. Newspaper Guild*, 616 F. 2d 614, 618 (2nd Cir. 1980).

Applying these principles herein, the Arbitrator's Award clearly should be upheld.

## II. THE REMEDY PORTIONS OF THE AWARD ARE FINAL, SIMPLE AND EASILY ENFORCEABLE AS ORDERS OF THE COURT AND A MONEY JUDGMENT

All Rock attacks the Award for not being final and definite and therefore requiring vacatur, because it lacks a specific damage award and a method for calculating the damages. This criticism lacks merit, because the money damages awarded are easily calculated based on the CBA. Furthermore, there are imperative provisions of the Award that can and should be enforced separate and apart from money damages awarded by the Arbitrator.

Courts do not remand to arbitration—let alone vacate an award—merely because of *some* ambiguity, but rather only when there is such a "degree of ambiguity, incompleteness, or contradiction substantial enough that resolution by the reviewing court would require it to intrude into the province of the arbitrator." *NYP Holdings v. Newspaper & Mail Delivers' Union,* 492 F. Supp. 2d 338, 342 (S.D.N.Y. 2007). For example, remand may be appropriate when an award is "contradictory on its face" and "none of the parties [had] advanced a clear and compelling interpretation of the award". *Id.*, citing *Bell Aerospace v. Local 516,* 500 F. 2d 921, 924 (2nd Cir 1974). Under this standard, the Award herein is enforceable.

A. **IMPERATIVE PROVISIONS OF THE AWARD ARE FINAL, DEFINITE AND ENFORCEABLE BY THE COURT.**

A fair and reasonable reading of the Award reveals that the Arbitrator found that All Rock violated the CBA by failing to recognize the Union, by failing to pay contractual wages and benefits, and failing to use the Union's referral service, in that All Rock failed, after the layoff of Beck, to employ either Beck or a Union member referred by the Union's referral hall to perform work covered by the CBA.  The Arbitrator awarded that All Rock shall "cease and desist" from these failures. [Exhibit D to Kern Decl.]  All Rock has not questioned the finality and definiteness of these provisions of the Award. Accordingly, even assuming *arguendo* that there is problematic lack of finality to the make-whole money award to the grievant Beck, there being no such lack of finality vis-à-vis the declarative and imperative provisions of the Award, they should be enforced. *Local 338, RWDSU v. Farmland Dairies,* 2003 U.S. Dist. LEXIS 3676, 172 LRRM 2647 (S.D.N.Y. 2003), *aff'd,* 2003 U.S. App. LEXIS 24435 (2nd Cir. 2003).

**B.    MONEY DAMAGES AWARDED TO GRIEVANT BECK ARE SUFFICIENTLY DEFINITE TO BE ENFORCED BY THIS COURT**

When an arbitration award is not so indefinite or ambiguous as to be contradictory, and the true intent of the arbitrator is apparent, then the award should be upheld. Remand to arbitration should be granted sparingly. *Fischer v. CGA Computer Associates,* 612 F. Supp, 1038 (S.D.N.Y. 1985). The principle that an arbitration award may be vacated on the grounds that it is not a final and definite award should be accorded the narrowest of readings in order to effectuate federal policy favoring arbitration. *Local 338 RWDSU v. Farmland Dairies,* 89 Fed. Appx. 748, 2003 U.S. App. LEXIS 24435 (2nd Cir. 2003); *Andros Compania Maritima v. Marc Rich & Co.,* 579 F. 2d 691, 703 (2nd Cir. 1978). It is appropriate for this Court to eliminate any minimal ambiguity in this portion of the Award by "further analysis of the surrounding circumstances and relevant provision of the collective bargaining agreement." *NYP Holdings v. Newspaper & Mail Delivers' Union,* 492 F. Supp. 2d 338, 342 (S.D.N.Y. 2007).

Although the Award lacks a specific damage award and a formula for calculating the damages, a method can be easily formulated by analysis of circumstances described in the Award and of the CBA. This Court may and should therefore enter an appropriate money judgment in enforcing the Award.

Beck's hourly wage rates under the CBA were $33.20 from February 2007 through June 2007, and $34.20 from July 2007 through May 2008. [Beck Affid. ¶¶ 4, 5; Gordineer Affid. ¶6 and Exh. B] Based on these wage rates, and assuming the contractual, regular 40-hour week [CBA at page 7, Exh. B to Kern Decl.], Beck's net lost wages amount to $24,356.00. [Beck Affid. ¶¶ 5-7] As set forth in detail in ¶¶ 10 through 17 in the Beck Affidavit, projecting overtime as worked by Beck in the calendar year 2006 into the relevant period of lost wages, Beck's net lost wages amount to $42,732.00. It is reasonable to include this estimate of overtime

6

in the calculations because interim earnings (which are deducted from gross lost wages) include overtime, and because Beck's overtime had been increasing from year to year. [Beck Affid. ¶¶ 18-25]

As set forth in detail in the Mackle Affidavit, the net amount of benefits contributions due in order to make Beck whole for his benefits, after subtracting benefits received based on his interim employment, amounts to $16,683.15. No figure is submitted for lost benefits contributions including projected overtime, because most of the benefits formulas are based on weekly hours <u>up to a maximum</u> of 40 hours. [Kern Decl. ¶ 17]

Since analysis of the Award and the CBA result in simple calculation of the amount due, this Court should neither vacate the Award for lack of a final and definite award, nor remand to the Arbitrator for further calculation of damages. Rather, this Court should enter money judgment for the net lost wages and benefits contributions as set forth above.

### III. THE ARBITRATOR DID NOT EXCEED THE SCOPE OF HER POWERS.

All Rock contends that the Arbitrator exceeded her powers by finding that employers like All Rock who are signatory to the CBA are not permitted to drive their own trucks under an "owner-operator" scenario, although the Union does have owner-operator contracts under which an employer may drive his own truck without violating his contract. To the contrary, the Arbitrator's findings regarding this issue are squarely based on an eminently reasonable construction of the CBA.

The Arbitrator cited in support of her ruling CBA provisions under which All Rock recognized the Union as the exclusive bargaining representative of employees performing covered work. She cited the CBA requirement that All Rock call the Union's referral hall to

7

obtain employees to perform covered work. She cited CBA provisions prohibiting assignment of covered work to another contractor and prohibiting All Rocks employees from carrying fuel tanks and fueling their own equipment unless a Teamster is employed. Based on these provisions, she rejected All Rock's contention that it was "not required to use the Union's referral service or employ a Union member because its owner is doing the driving." [Award at 15-16, Exh. D to Kern Decl.] Her rejection of All Rock's owner-operator argument, which argument is now being repeated to this Court, was supported by evidence concerning Owner-Operator amendments which are executed as an addendum to the CBA for employers who do their own driving, and testimony that this addendum was *not* executed regarding All Rock. [Kern Decl. ¶ 9 and Exh. E]

As long as an arbitration award draws its essence from the collective bargaining agreement and the arbitrator is even arguably construing or applying the contract, the award is legitimate and enforceable. *United Paperworkers v. Misco, Inc.*, 484 U.S. 29 (1987). Under this standard, this Court must reject All Rock's argument that the Arbitrator exceeded her powers in rejecting All Rock's owner-operator argument.

**IV.    THE AWARD DOES NOT MANIFESTLY DISREGARD THE LAW.**

All Rock's final attack on the Award is that it manifestly disregards the law; to wit, §8(e) of the National Labor Relations Act, 29 U.S.C. § 158(e), which renders unenforceable an agreement between a union and an employer to the extent that, under such agreement, the employer must "cease or refrain from handling, using, selling, transporting or otherwise dealing in any of the products of any other employer, or to cease doing business with any other person…" The provisions of § 8(e) have no applicability to this case. Neither the CBA nor the

Award's interpretation of the CBA requires All Rock to refrain from doing business with any person. Rather, the CBA and the Award merely require All Rock to employ employees obtained from the Union's referral hall to the maximum extent possible to perform covered Teamster work.

> As acknowledged by All Rock, § 8(e) does not prohibit agreements whose
>
> "objective is to preserve for its members bargaining unit work or to reacquire work previously performed or otherwise fairly claimable. This is considered a primary objective and is lawful. When the intent of the agreement, or the labor organization's objective in enforcing it, is "secondary," the agreement violates the Act. A secondary object is evident when, for example, the labor organization seeks to force the noncontracting party to recognize the labor organization or where the work involved is not fairly claimable. Fairly claimable work is work that is identical to or very similar to that already performed by the bargaining unit and that bargaining unit members have the necessary skill and are otherwise able to perform.

*Newspaper & Mail Deliverers Union,* 298 NLRB 564, 566 (1990). "The touchstone is whether the agreement or its maintenance is addressed to the labor relations of the contracting employer *vis-à-vis* his own employees." *National Woodwork Manuf's Assoc. v. NLRB,* 386 US 612, 645 (1967).

All Rock contends in this argument that the Award "issued a determination that the Defendant violated the collective bargaining agreement because Defendant permitted other parties to haul stones from the site of his yard." [Memorandum of Law at page ix] No such determination can be found in the Award. Therefore, All Rock's argument that the Award would require it to cease doing business with some person or persons who haul stones from All Rock's yard is baseless. Similarly, there is no basis in the Award whatsoever for All Rock's comment about storing leaves. [*Id.*]  As for the comment about adding fuel to trucks [*id.*], the Award talked about All Rock's testimonial evidence about All Rock employees "keep[ing] tanks of fuel

9

in their trucks and refuel[ing] the drills/excavators on the work sites." [Award, Exh. D to Kern Decl. at 10, 12] as evidence that there continued to be covered Teamster work.

All Rock contends that the work sought to be preserved for Teamsters by the CBA as enforced by the Award is not fairly claimable because no evidence was presented that the one-man bargaining unit ever performed for All Rock some of the work discussed. [Memorandum of Law at viii-ix]  This is not true. There was testimony regarding performance of yard work, fueling and truck maintenance for All Rock. [Award at 6, Exh. D to Kern Decl.] Moreover, the "unit" within which work either is or is not fairly claimable, based on whether the work is "identical to or very similar to that already performed by the bargaining unit and that bargaining unit members have the necessary skill and are otherwise able to perform", *Newspaper & Mail Deliverers Union,* 298 NLRB 564, 566 (1990), is <u>not</u> the one-man unit comprised solely of All Rock's single Teamster employee, as supposed by All Rock. Rather, it is all workers who work under the CBA at issue. *Bermuda Container Line v. I.L.A.,* 192 F. 3d 250, 256-57 (2nd Cir. 1999)(relevant bargaining unit comprised of all ports from Maine to Texas); *Eisenmann Corp. v. Sheet Metal Workers Local 24,* 323 F. 3d 375, 385 (6th Cir. 2003). As to that, the Award notes evidence that Teamsters are responsible under the CBA, and the CBA does cover, such work as yard work, fueling and truck maintenance. [Award at 6, Exh. D to Kern Decl.]  The Arbitrator's findings that this was covered work, and that there continued to be covered work when and after All Rock laid off Beck, should not be second-guessed by the Court. "The courts are not authorized to reconsider the merits of an award even though the parties may allege that the award rests on errors of fact or on misinterpretation of the contract." *United Paperworkers v. Misco*, 484 U.S. 29, 36 (1987)

There is nothing in the Arbitrator's interpretation of the CBA underlying her Award, or in the Award itself that in any way impacts on the labor relations of any <u>other</u> employer; rather, the Award is directed strictly toward All Rock and its relationship to the Union and to All Rock's own employees, and is therefore primary rather than secondary in its impact. *National Woodwork Manuf's Assoc. v. NLRB,* 386 US 612, 645 (1967). The Award enforces CBA provisions geared toward preserving covered work for bargaining unit (Teamster) workers by requiring All Rock to employ employees to perform covered Teamster work and to call the Union's referral hall for workers, and by finding that All Rock had violated the CBA by laying off Beck and refusing to call the referral hall when there continued to be Teamster work. Accordingly, the Award in no way violates NLRA § 8(e).

Conclusion

For all of the foregoing reasons, the Court should deny All Rock's motion to vacate the Award, and rather should enter an order and judgment confirming and enforcing the Award and each and every provision thereof, including monetary awards and imperative provisions, awarding the Union its damages for All Rock's failure to comply with the Award after its issuance, and granting plaintiff costs, disbursements and attorney fees.

Dated: Elmsford, New York
      July  28 , 2008

                            Respectfully submitted,

                            BARNES, IACCARINO, VIRGINIA,
                            AMBINDER & SHEPHERD, PLLC
                            Attorneys for Plaintiff

                            by:  s/ Steven H. Kern
                                Steven H. Kern, Esq. (SK-8600)
                            258 Saw Mill River Road
                            Elmsford, NY 10523
                            (914) 592-5740